**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000393**
**23-MAY-2014**
**08:46 AM**

NO. CAAP-13-0000393

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SEAN GLOVER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1559)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Sean Glover ("Glover") appeals from (1) the Judgment of Conviction and Sentence ("Judgment") filed February 6, 2013 and (2) the Mittimus; Warrant of Commitment to Jail, filed February 6, 2013 by the Circuit Court of the First Circuit ("Circuit Court").[1]  Glover was convicted by a jury of Robbery in the First Degree, Hawaii Revised Statutes ("HRS") § 708-840(1)(a) and (1)(b)(i).[2]

---

[1]    The Honorable Dexter D. Del Rosario presided.

[2]    HRS § 708-840(1) provides, in relevant part:

> (1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> > (a)    The person attempts to kill another or intentionally and knowingly inflicts or attempts to inflict serious bodily injury upon another;
> >
> > (b)    The person is armed with a dangerous instrument and:
> >
> > > (i)    The person uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance[.]

HAW. REV. STAT. § 708-840(1) (Supp. 2012).

On appeal, Glover asserts that (A) the Circuit Court reversibly erred in refusing to admit two Honolulu Police Department 458 forms ("HPD 458 forms") into evidence, and (B) that he was afforded ineffective assistance of trial counsel on the basis that defense counsel failed to (1) file a motion to suppress identification; (2) cross-examine the victim, William Andrew Owens ("Owens") regarding his testimony in connection with Wal-Mart security video clips; (3) cross-examine Owens about a discrepancy in his description of the second suspect; and (4) lay a proper foundation for the admission of the HPD 458 forms.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Glover's points of error as follows:

(A) Glover contends that the HPD 458 forms, containing Owens's description of the alleged assailant and the second suspect, were admissible under Hawaii Rules of Evidence ("HRE") Rule 613(b) as a prior witness statement. The State concedes that the forms were admissible under HRE Rules 802.1(1)(B) and 613(b). We agree.

Nonetheless, the error was harmless. The jury heard testimony from Owens about the forms, and Owens was cross-examined on their content and the inconsistencies between his description of the assailant on the night of the incident and the description that he provided at trial. Although they were not admitted as exhibits, Owens and Officer Claude Izuka referred to the HPD 458 forms in their testimony. The inconsistencies in the descriptions were also fully-developed through testimony. Under the circumstances, the jury was able to assess Owens's identification of the assailant, and thus Glover was afforded a meaningful opportunity to present a complete defense. *Cf. State v. DeLeon*, 131 Hawai'i 463, 319 P.3d 382 (2014) (defendant was not afforded the opportunity to present a complete defense where the jury was precluded entirely from hearing evidence central to his self-defense argument).

The HPD 458 forms that Glover sought to introduce would have duplicated Owens's and Officer Izuka's testimony. Glover points to no authority requiring that the jury be provided with written exhibits that are duplicative of trial testimony in order to ensure a fair trial. Glover also claims that there was a danger that the jury would place an undue emphasis on Owens's identification, because the jury had documentary evidence from the State in the form of video and photographs supporting the identification, but no documentary evidence from the defense contradicting the identification. Again, however, he cites to no authority suggesting that a fair trial requires that the jury have documentary evidence from both parties.

Therefore, Glover fails to establish that the Circuit Court's decision not to admit the HPD 458 forms amounts to reversible error. In consideration of the record as a whole, there is no "reasonable possibility that [the] error might have contributed to conviction." *State v. Gano*, 92 Hawai'i 161, 176, 988 P.2d 1153, 1168 (1999) (quoting *State v. Heard*, 64 Haw. 193, 194, 638 P.2d 307, 308 (1981)) (internal quotation marks omitted).

(B) Glover's ineffective assistance of counsel arguments do not warrant vacation of his sentence. (1) Glover alleges that his defense was substantially impaired because his counsel failed to file a motion to suppress identification in a case where Glover's sole defense was misidentification. According to Glover, this should be per se ineffective assistance.

In order to establish ineffective assistance of counsel, a defendant must show, among other things, "a possible impairment . . . of a potentially meritorious defense." *State v. Wakisaka*, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (citing *State v. Christian*, 88 Hawai'i 407, 419, 967 p.2d 239, 251 (1998)). The record is not sufficiently developed to show whether Glover would have had a potentially meritorious argument to suppress the identification had trial counsel filed such a motion. We therefore deny this claim of ineffective assistance

3

without prejudice to Glover raising it in a petition under Hawai'i Rules of Penal Procedure Rule 40.

(2) As to the Wal-Mart security video, Glover asserts that his "wrong man" defense was substantially impaired by counsel's failure to "pound home" the difference between Owens's descriptions to Officer Izuka and Officer Jason Kubo and the Wal-Mart security video evidence. He contends that after Owens narrated the video shown to the jury, Owens should have been cross-examined on his various descriptions of the assailant and the second suspect regarding their clothing and build, as compared to what was shown in the video.

Glover himself admits, however, that defense counsel conducted "an excellent cross examination" of Owens on other issues. The mere failure to "pound home" discrepancies that had already been pointed out by defense counsel at trial, and that were later argued during closing argument, does not rise to the level of ineffective assistance of counsel. *See Silva*, 75 Haw. at 441, 864 P.2d at 593 ("Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case."). Owens's argument on this point is therefore without merit.

(3) Glover further alleges that defense counsel was ineffective because he cross-examined Owens on discrepancies in Owens's description regarding the color of the second suspect's shirt, but not his hat. This argument fails for the same reasons as the above point. Counsel highlighted for the jury several discrepancies between Owens's description of the second suspect and the appearance of Glover's companion on the Wal-Mart security video. Under the circumstances, defense counsel's failure to also cross-examine Owens on the color of the second suspect's hat does not rise to the level of ineffective assistance of counsel. *See, e.g., id.* at 442, 864 P.2d at 594 ("Although it could be argued that eliciting testimony regarding [the complaining witnesses's] bad eyesight may have strengthened [the defendant's] case, on balance, we conclude that defense counsel's failure to do so does not rise to the level of ineffective assistance of counsel.").

(4) Since we have concluded above that the Circuit Court's failure to admit the HPD 458 forms into evidence was harmless, Glover has not shown that any failure of counsel to lay a proper foundation regarding the forms impaired a potentially meritorious defense.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed February 6, 2013, and the Mittimus; Warrant of Commitment to Jail, filed February 6, 2013, are affirmed without prejudice to Glover filing a subsequent Hawai'i Rules of Penal Procedure Rule 40 petition on his claim of ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress identification.

DATED:  Honolulu, Hawai'i, May 23, 2014.

On the briefs:

Jacob M. Merrill
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5